IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a JACKSON SUN MEDIA WORKS, ) ) ) ) | C O M P L A I N T |
| and ) ) ) | JURY TRIAL DEMAND |
| GANNETT CO., INC., ) ) | |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Dubois who was adversely affected by such practices. As alleged with greater particularity in paragraphs 11(a) through 11(m) below, the Commission contends that Defendants, Gannett Satellite Information Network, Inc. d/b/a Jackson Sun Media Works and Gannett Co., Inc. terminated Mr. Dubois because of his disability and/or because of his need for an accommodation in violation of the ADA.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Gannett Satellite Information Network, Inc. d/b/a Jackson Sun Media Works (Defendant Jackson Sun), has continuously been a corporation doing business in the State of Tennessee and the City of Jackson, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Jackson Sun has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, Gannett Co., Inc. (Defendant Gannett), has continuously been a corporation doing business in the State of Tennessee and the City of Jackson, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Gannett has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Defendants Jackson Sun and Gannett (Defendant Employers) have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, David Dubois filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since on or about May 5, 2008, Defendant Employers engaged in unlawful employment practices at their Jackson, Tennessee facilities, in violation of Sections 102(a) and (b) of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(1) and (5).

11. These unlawful practices include, terminating Mr. Dubois because of his disability, Cauda Equina Syndrome and/or because of his need for a reasonable accommodation.

   a. In June 2004, Defendant Employers hired Mr. Dubois as the Commercial Print Manager at Jackson Sun in Jackson, Tennessee.

   b. The Jackson Sun newspaper sells print news and operates a commercially-available print shop.

  c. Defendant Employers required Mr. Dubois to sell and supervise commercial print jobs when the Jackson Sun's printing press was not in use printing the newspaper.

  d. Mr. Dubois received stellar performance evaluations for 2005, 2006, and 2007.

  e. In February, 2008, Mr. Dubois took medical leave for back surgery on a herniated disc.

  f. During the surgery, his doctor damaged his spinal cord, and Mr. Dubois required ten weeks of medical leave.

  g. The spinal cord injury is a permanent impairment known as Cauda Equina Syndrome.

  h. As a result of his condition, Mr. Dubois has large areas of numbness below his waist, bowel and bladder incontinence, and loss of reproduction and sexual relations. He also has weakness in his right leg.

  i. Mr. Dubois is a qualified individual with a disability under the definition of the Americans with Disabilities Act of 1990.

  j. During Mr. Dubois' ten week medical leave, he spoke with his supervisor, via e-mails and continued many of his duties.

  k. While on leave, Mr. Dubois explained to his supervisor that he needed a reasonable accommodation.

  l. Mr. Dubois needed to have access to the near by locked ladies restroom that contained a locker and a shower.

  m. This accommodation would allow him to have access to shower, have access to spare clothing in case of accidents and have extra medical supplies and medications.

  n. Mr. Dubois returned to work on April 28, 2008.

      o.      Defendant Employer allowed Mr. Dubois to use the locked ladies' restroom upon his return for one week.

      p.      Defendant Employer discharged Mr. Dubois one week later.

      q.      Defendant Employer told Mr. Dubois that it had eliminated his job position.

      r.      When Defendant Employer discharged Mr. Dubois, Defendant Employer created a job nearly identical to his position.

      s.      Defendant Employer did not consider Mr. Dubois for placement in the position.

      t      Mr. Dubois met the qualifications for the eliminated position and the newly created position.

      u.      Mr. Dubois could perform the essential functions of both jobs, with a reasonable accommodation.

12.    These unlawful practices include discharging David Dubois because of his disability and/or his need for an accommodation.

13.    The effect of the practices complained of in paragraphs 11(a) through-11(u) above has been to deprive Mr. Dubois of equal employment opportunities and otherwise adversely affect his status as employee, because of his disability.

14.    The unlawful employment practices complained of in paragraphs 11(a) through 11(u) above were intentional.

15.    The unlawful employment practices complained of in paragraphs 11(a) through (u) above were done with malice or with reckless indifference to the federally protected rights of David Dubois.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from terminating an employee because of his disability, from failing to transfer or place an employee into another job he can perform with or without reasonable accommodation, and discharging an employee because of his disability and/or need for a reasonable accommodation.

B.	Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant Employers to make whole Mr. Dubois, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement or instatement of Mr. Dubois; front pay; out of pocket medical expenses; and lost 401(k) contributions for Mr. Dubois.

D.	Order Defendant Employers to make whole David Dubois by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 above, including living and travel expenses, and cost of replacement medical insurance, in amounts to be determined at trial.

E.	Order Defendant Employers to make whole Mr. Dubois by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraphs 11 above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendant Employers to pay Mr. Dubois punitive damages for its malicious and reckless conduct, as described in paragraphs 11(a) through (u) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**P. DAVID LOPEZ**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission DS)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

Joseph M. Crout (with permission DS)
**JOSEPH M. CROUT**
Supervisory Trial Attorney
Tennessee Bar No. 012857

s/ Deidre Smith
**DEIDRE SMITH**
Senior Trial Attorney
Tennessee Bar No. 018499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0140